|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| OMAR ROBLES, | Case No.: 2:18-cv-02071-APG-CWH |
| Plaintiff | **Order Granting Motion for Appointment of Counsel** |
| v. | [ECF No. 3] |
| BRIAN WILLIAMS, et al., | |
| Defendants | |

Plaintiff Omar Robles moves for appointment of counsel. Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Whether to appoint counsel lies within the court's discretion. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist to support appointing counsel, I evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. Appointment of counsel may be justified when proceedings will go forward "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

I have not yet screened Robles's complaint, so I make no determination on the likelihood of his success on the merits. However, given the serious nature of the allegations contained in his complaint regarding alleged deliberate indifference to his medical needs, as well as

representations in his motion that he suffers from a brain injury and cannot read, write, or articulate his claims or legal argument, it would be extremely difficult, if not impossible, for Robles to represent himself in this matter. Additionally, he cannot be represented by another inmate who is not a lawyer. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). I therefore grant the motion.

IT IS THEREFORE ORDERED that plaintiff Omar Robles's motion for appointment of counsel **(ECF No. 3) is GRANTED**.

IT IS FURTHER ORDERED that this case is referred to the Pilot Pro Bono Program adopted in General Order 2017-07 for the purpose of identifying an attorney willing to be appointed as a pro bono attorney for plaintiff Omar Robles. The scope of appointment will be for all purposes through the conclusion of trial. By referring this case to the Program, I am not expressing an opinion as to the merits of the case.

IT IS FURTHER ORDERED that the clerk of court is instructed to forward this order to the Pro Bono Liaison.

DATED this 3rd day of December, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE